# The Supreme Court of Ohio

| | |
|---|---|
| In re Continuing Legal Education Sanction | CLE-2015-39213 |
| James Randall McClain<br>0039213<br>Respondent | **SUSPENSION AND SANCTION ORDER**<br><br>December 10, 2015 |

    Gov. Bar R. X, Section 3, requires all attorneys admitted to the practice of law in Ohio and each attorney registered for corporate status pursuant to Gov. Bar R. VI to complete at least twenty-four hours of continuing legal education, including two and one half hours related to professional conduct, for each two-year compliance period. Gov. Bar R. X, Sec. 4, requires attorneys whose last name begins with a letter from M through Z to complete the CLE requirements of Gov. Bar R. X on or before December 31st of each even-numbered year. Gov. Bar R. X, Sec. 18(A), provides that an attorney or judge who fails to comply timely with the applicable requirements of Gov. Bar R. X or Gov. Jud. R. IV, but does so within ninety days of the December 31 deadline, shall be assessed a late fee in accordance with CLE Regulation 503. Gov. Bar R. X, Sec. 18(B), provides that an attorney or judge who fails to comply with the applicable requirements of Gov. Bar R. X or Gov. Jud. R. IV, shall be notified of noncompliance by the Commission and that unless the attorney or judge comes into compliance or files evidence of compliance that is satisfactory to the Commission on or before the date set forth in the notice, the Commission shall issue an order imposing a sanction authorized by Section 17 of Gov. Bar R. X and consistent with Commission Regulation 503.

    Respondent was mailed notice of apparent noncompliance. Respondent has not completed 47.50 total hours, including, 5.0 professional conduct hours on or before December 31, 2014, as required by Gov. Bar R. X, Sec. 3, and has not filed evidence of compliance or come into compliance as required by Gov. Bar R. X, Sec. 18. Respondent also has not paid a prior Commission ordered sanction issued for noncompliance in the 2013 reporting period. Upon consideration thereof and in accordance with Gov. Bar R. X, Sec. 17 and CCLE Reg. 503,

    Respondent is immediately suspended from the practice of law pursuant to Gov. Bar R. X, Sec. 17(A)(2), until such time as the Commission issues an order reinstating respondent to the practice of law pursuant to Gov. Bar R. X, Sec. 19.

    Respondent is further sanctioned in the amount of **$300.00** and is hereby ordered to pay the sanction fee to the Commission, by check, money order, or credit card within 30 days of the date of this order.

    IT IS FURTHER ORDERED that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

    IT IS FURTHER ORDERED that, effective immediately, respondent be forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

    IT IS FURTHER ORDERED that respondent shall not practice law in Ohio; hold himself or herself out as authorized to practice law in Ohio; hold nonfederal judicial office in Ohio; occupy a nonfederal position in this state in which the attorney is called upon to give legal advice or counsel or to examine the

law or pass upon the legal effect of any act, document, or law; be employed in the Ohio judicial system in a position required to be held by an attorney; or practice before any nonfederal court or agency in this state on behalf of any person except himself or herself.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession in Ohio.

IT IS FURTHER ORDERED that respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension and that as part of this hour requirement, respondent shall complete one credit hour of instruction related to professional conduct required by Gov. Bar R. X, Sec. 3(B), for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent completes the required number of hours to remove the continuing legal education hour deficiency that was the cause of respondent's suspension; (2) respondent pays all sanctions entered against respondent by the Supreme Court of Ohio and the Commission; (3) respondent pays the reinstatement fee set forth in Gov. Bar R. X, Sec. 19(A); (4) respondent files an Application for Reinstatement on a form provided by the Commission; (5) respondent complies with this and all other orders issued by the Supreme Court and the Commission; (6) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; and (7) the Commission enters an order reinstating respondent to the practice of law.

IT IS FURTHER ORDERED that respondent shall keep the Office of Attorney Services advised of any change of address where respondent may receive communications.

In accordance with Gov. Bar R. X, Sec. 18(B), this notice shall be sent by certified mail to the address respondent has provided to the Office of Attorney Services and service of this notice in accordance with this Rule shall be considered effective service.

William W. Patmon, III, Chair
Commission

Susan B. Christoff, Secretary
Commission

I HEREBY CERTIFY that this document is a true and accurate copy of the order of the Commission on Continuing Legal Education of the Supreme Court of Ohio filed _12-10-2015_ in case number _2015-39213_

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio, on this _11th_ day of _December_ 20_15_

Susan B. Christoff
Director, Office of Attorney Services